IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAMIEN SHARELL HOWARD, #176 300, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )    CIVIL ACTION NO. 2:16-CV-643-WKW ) [WO] |
| JULIA JORDAN WELLER, CLERK, *et al.*, | ) ) ) |
| Defendants. | ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff, a state inmate incarcerated at the Fountain Correctional Facility in Atmore, Alabama, filed this 42 U.S.C. § 1983 action alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged by the conduct and actions of Defendants which he alleges amount to treason and forced him into slavery. Plaintiff names as defendants the Honorable Scott Taylor, Circuit Judge for the Circuit Court for Baldwin County; the Honorable Mary Windom of the Alabama Court of Criminal Appeals; the Honorable John Bolin, the Honorable Greg Shaw, the Honorable Glen Murdock, the Honorable Tommy Bryan, and the Honorable James Main of the Alabama Supreme Court; and Julia Jordan Weller, Clerk of the Alabama Supreme Court. Plaintiff requests monetary damages, prospective injunctive relief, and removal of these judges from the bench. Doc. 1.

Upon review, the court concludes this case is due to be summarily dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

---

[1] Plaintiff sought leave to proceed *in forma pauperis*. Doc. 2. The court granted Plaintiff *in forma pauperis* status except to the extent he was required to pay an initial partial filing fee. Doc. 3. Plaintiff filed the requisite initial partial filing. Doc. 6. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss

# I. DISCUSSION

## A. The Judges

Plaintiff sues the defendant judges for treason based on the claim that they forced him into slavery. The crux of this claim appears to be Judge Taylor's decision, entered on or about December 9, 2015, to uphold Plaintiff's legal challenge to his life sentence. Plaintiff alleges Defendants Windom, Main, Shaw, Bryan, Bolin, and Murdock conspired to deny Plaintiff his freedom by refusing to exercise their jurisdiction to reverse Judge Taylor's decision. Doc. 1.

### *1. The Request for Monetary Damages*

Plaintiff's allegations against the defendant judges emanate from actions taken by these defendants in their judicial capacity during state-court proceedings over which they had jurisdiction. The law is well settled that a state judge is absolutely immune from civil liability for acts taken pursuant to his or her judicial authority. *Forrester v. White*, 484 U.S. 219, 227–29 (1988); *Paisey v. Vitale*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public—"whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967)—absolute immunity is necessary so judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 20 L.Ed. 646 (1872)).

---

the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject-matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id*. at 356–57.

A review of Plaintiff's allegations against the defendant judges does not compel the conclusion they acted in clear absence of jurisdiction. Rather, Plaintiff's lawsuit is a textbook case for the doctrine of judicial immunity. In disagreement with the decisions reached at the state-court level, Plaintiff turns to this forum to assert allegations of unconstitutional and conspiratorial acts by state court judges. Because judicial immunity precludes Plaintiff's recovery against the defendant judges, dismissal of the damages claims against these defendants is appropriate under 28 U.S.C. § 1915(e)(2)(B)(iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## 2. *Request for Injunctive Relief from State-Court Action*

To the extent Plaintiff seeks injunctive relief from final orders issued by the defendant judges, this court lacks jurisdiction to render this relief in an action filed under 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Although "*Rooker-Feldman* is a narrow doctrine," it nevertheless bars claims "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* at 464 (quoting *Exxon Mobile Corp.*, 544 U.S. at 284). Moreover, a § 1983 action is inappropriate either to compel or to

3

appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (holding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) is appropriate for any requests seeking declaratory or injunctive relief against the defendant judges regarding matters associated with Plaintiff's state-court criminal proceedings. *See Clark*, 915 F.2d 636; *Neitzke*, 490 U.S. at 327.

**B.      The Challenge to Plaintiff's Conviction**

To the extent Plaintiff seeks to challenge the validity of a criminal conviction or sentence imposed upon him by the Circuit Court for Baldwin County, Alabama, this claims goes to the fundamental legality of his confinement and provides no basis for relief at this time. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," and complaints containing these claims must therefore be dismissed. *Heck*, 512 U.S. at 483–89. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983," and concluded that the plaintiff's complaint was due to be dismissed. *Id.* at 481. In so doing, the Supreme Court rejected the lower court's reasoning that a § 1983 action should be construed as a habeas corpus action. *Id.*

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983" unless the inmate can demonstrate that the challenged action has previously been invalidated. *Balisok*, 520 U.S. at 648.  The Supreme Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645.  The court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus, *id*., and "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Under the circumstances of this case, *Heck* and its progeny bar Plaintiff's use of any federal civil action other than a petition for habeas corpus relief under 28 U.S.C. § 2254 to mount a collateral attack on the validity of his conviction or sentence. *See Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, the claims presented by Plaintiff challenging the constitutionality of his state-court conviction and sentence are not cognizable in this cause of action at this time, and are therefore subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Defendant Weller

Plaintiff names the Clerk of the Alabama Supreme Court as a defendant but does not specifically state a cause of action against this individual. Instead, he requests damages against Defendant Weller for "los[s] of rights by conspiracy," and "for issuing orders without Defendant Judges' signatures as to validate said order[s] as required by law." Doc. 1 at 4.

Plaintiff's complaint identifies no facts against Defendant Weller that allow the court to make any plausible inference that the treatment Plaintiff allegedly received from this defendant violated his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a pleading must do more than allege "an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."). It is not sufficient to merely allege that a defendant violated a constitutional right. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp., v. Twombly*, 550 U.S. 554, 570 (2007)). Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide sufficient facts to show how the conduct or actions of a defendant allegedly violated his constitutional rights. *See id*. Because Plaintiff's complaint against Defendant Weller is unsupported by any specific factual allegations, it is insufficient to state a § 1983 claim against her. Plaintiff's complaint against this defendant is therefore subject to dismissal.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] The court notes that as Clerk of the Supreme Court, Defendant Weller has no authority to issue orders. Rather, Defendant Weller files on the record orders issued by judges of the Alabama Supreme Court. Where a court clerk

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge:

1. Plaintiff's § 1983 complaint against Defendants Taylor, Windom, Main, Shaw, Bryan, Bolin, and Murdock be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii);

2. To the extent Plaintiff's claims seek to challenge to the constitutionality of the conviction and sentence imposed upon him by the Circuit Court for Baldwin County, Alabama, such claims be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as they are not properly before the court at this time;

3. Plaintiff's § 1983 complaint against Defendant Weller be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

4. This complaint be DISMISSED prior to service of process.

It is further ORDERED that **on or before March 17, 2017**, Plaintiff may file an objection. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive, or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust*

---

acts pursuant to authority granted by state law and acts on behalf of a court, the clerk is absolutely immune from damages liability when sued under 42 U.S.C. § 1983 because she is performing a judicial function. *See Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983).

*Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

      DONE on this 3rd day of March, 2017.

                                    /s/ Gray M. Borden
                                    UNITED STATES MAGISTRATE JUDGE